UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:15-cv-00290-SVW-MAN | Date | January 23, 2015 |
|---|---|---|---|
| Title | Ness, Inc. v. Nora Ramirez, et al. | | |

JS - 6

| Present: The Honorable | STEPHEN V. WILSON, U.S. DISTRICT JUDGE |
|---|---|

| Paul M. Cruz | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| N/A | N/A |

**Proceedings:**   IN CHAMBERS ORDER REMANDING THE CASE TO STATE COURT

     Generally, removal jurisdiction is disfavored. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). But it is proper if the case could have been filed in federal court originally. 28 U.S.C. § 1441; *Syngenta Crop Protection, Inc. v. Henson*, 537 U.S. 28, 33 (2002). The removing party bears the burden of establishing subject-matter jurisdiction. *Gaus*, 980 F.2d at 566.

     Defendant Nora Ramirez premised removal on federal question jurisdiction. (Doc. 1, Notice of Removal). According to the well-pleaded complaint rule, a federal question must inhere from the plaintiff's claims for relief. *ARCO Envtl. Remediation, LLC v. Dept. of Health and Envtl. Quality*, 213 F.3d 1108, 113 (9th Cir. 2000). This case, however, is an unlawful detainer action governed by California law, and it raises no apparent issues of federal law. Therefore, the Court lacks subject-matter jurisdiction over this case and must remand it to state court. *See, e.g.*, *Matthew 01 Inv., LLC v. Bloom*, No. CV 15-15-150-SVW-PLA, 2015 U.S. Dist. LEXIS 5641, at *1-2 (C.D. Cal. Jan. 13, 2015) (remanding a similar unlawful detainer case); *Burbank Blvd. Apts. Owner LLC v. Cabessa*, No. CV 14-9902 SVW (AJWx), 2015 US Dist.

|  | : |  |
|---|---|---|
|  | Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:15-cv-00290-SVW-MAN | Date | January 23, 2015 |
|---|---|---|---|
| Title | Ness, Inc. v. Nora Ramirez, et al. | | |

JS - 6

LEXIS 3602, at *1-2 (C.D. Cal. Jan. 9, 2015) (same).

    Ms. Ramirez attempts to generate a federal question through either her defenses or a counter-claim — it is unclear which. To the extent she asserts that her defenses raise a federal question, 28 U.S.C. § 1331 does not provide a basis for jurisdiction. *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 14 (1983) ("[A] case may not be removed to federal court on the basis of a federal defense.").

    She also fails to identify a federal question to the extent she relies on a purported counter-claim. Ms. Ramirez's Notice of Removal raised the specter of a federal conspiracy claim arising under 42 U.S.C. § 1983. (Ms. Ramirez also refers criminal conspiracy, but that is inapposite in a civil action.) But the record reveals no Section 1983 claim or counter-claim. Of course, Ms. Ramirez can bring her own federal lawsuit alleging such a conspiracy, but she cannot remove this case based on a non-existent federal claim.

    Ms. Ramirez failed to carry her burden of establishing subject-matter jurisdiction. Therefore, the Court *sua sponte* REMANDS this case to the California Superior Court for the County of Los Angeles.

                                                                        :

Initials of Preparer      PMC